UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROLYN H. SRIVASTAVA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>THOMAS HOGAN, et al., )<br>)<br>Defendants. ) | No. 1:13-cv-200-SEB-DML |

**Entry and Order Dismissing Action**

**I.**

This lawsuit was removed from the Vanderburgh Superior Court on February 5, 2013. One week later this court noted that restrictions have been imposed on the plaintiff's ability to file papers in all federal courts in this Circuit either directly or indirectly. These restrictions emanate from the *Order* of the Court of Appeals issued on August 30, 2011, in No. 11-2817, and the *Amended Injunction* issued on July 29, 2011, in No. IP 04-mc-104-SEB-DML. The Order of the Court of Appeals is this:

> [T]he clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Carolyn H. Srivastava unless and until she pays in full the sanction that has been imposed against her. *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in Mack, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack,* 45 F.3d at 186-87. This order will be lifted immediately once Srivastava makes full payment. *See City of Chi.*, 500 F.3d at 585-86.

The *Amended Injunction* issued on July 29, 2011, enjoins the plaintiff from filing or continuing to litigate any claim, however designated, in any court of any jurisdiction, in which she targets the defendants in any of her prior cases or claims litigated in this court. *In re: Srivastava*, 2011 U.S. Dist. LEXIS 84121 (S.D.Ind. July 29, 2011).

The court has taken judicial notice of the foregoing restrictions and the plaintiff has been notified of them. The plaintiff was given a period of time in which to demonstrate that those restrictions are either no longer in effect or would not prevent her from prosecuting this case with filings and in other respects. The plaintiff filed a response on February 26, 2013. Other proceedings have been stayed.

One portion of the response of February 26, 2013, emphasized that the undersigned and other judicial officers are named defendants. The court addressed this in its Entry of March 26, 2013, and concluded:

there is no legitimate basis for the plaintiff to sue the assigned judicial officers. The plaintiff's suggestion otherwise is both frivolous and contrived. As the court concluded previously, therefore, there is no need for disqualification of the assigned judicial officers.

The remainder of the plaintiff's response of February 26, 2013, consists of the plaintiff's disagreement with the orders referenced above. Her disagreement leads her to the conclusion that the orders are not valid, but the record shows otherwise. The orders are valid and must be enforced.

**II.**

The consequences of the circumstances noted in Part I of this Entry are that (1) the filing of this action in the Vanderburgh Superior Court violated the *Amended Injunction* issued in No. IP 04-mc-104-SEB-DML, which remains in effect, and (2) the plaintiff is prohibited from filing papers in this action based on the Order in No. 11-2817, which also remains in effect. In turn, the plaintiff is unable to prosecute this action.

The action is therefore **dismissed for failure to prosecute.** The only way to prevent the further abusive litigation of this plaintiff is to specify that the dismissal be with prejudice.

Judgment consistent with this Entry shall now issue.

Date:  05/03/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel
of record

CAROLYN H. SRIVASTAVA
3105 Lehigh Ct.
Indianapolis, IN 46268